IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DONALD B. JOHN-MILLER, INDIVIDUALLY AND D/B/A EDAM GBERE INTERNATIONAL SERVICES, EDAM GBERE NIGERIA LIMITED, D1 INTEGRATED SERVICES, and, CAROLINE MARINE SERVICES, LTD., | CIVIL ACTION NO. 4:19-CV-03752 |
| | JUDGE DAVID HITTNER |
| vs. | MAG. JUDGE PETER BRAY |
| AUSTIN HOWELL, INDIVIDUALLY, TIDEWATER MARINE INTERNATIONAL, INC., and TIDEWATER MARINE, LLC, | |

## <u>MEMORANDUM IN SUPPORT OF DEFENDANTS TIDEWATER MARINE LLC'S AND AUSTIN HOWELL'S MOTION TO DISMISS</u>

Defendants, Tidewater Marine LLC ("TM") and Austin Howell ("Howell"),[1]

respectfully submit this Memorandum in Support of their Motion to Dismiss.

TM and Howell seek the dismissal, with prejudice, of all claims brought against

them by Plaintiff, Donald B. John-Miller ("Plaintiff"), individually and D/B/A Edam

Gbere International Services, Edam Gbere Nigeria Limited, D1 Integrated Services,

and Caroline Marine Services, Ltd. ("Contracting Parties") pursuant to Federal Rules

of Civil Procedure 12(b)(1) and 12(b)(6), as follows:

---

[1]     Defendant, Austin Howell, has not yet been served with Plaintiff's petition. Without waiving any other defenses, objections, or motions, Austin Howell makes this special, limited appearance for the sole purpose of requesting the relief sought herein.

## CONCISE SUMMARY OF ARGUMENT

This case is premised on three vessel purchase agreements. Plaintiff is neither a party nor a third-party beneficiary to any of the purchase agreements. Instead, Plaintiff alleges that he was doing business under the assumed names of the Contracting Parties, which entities were parties to the purchase agreements as "purchasers" of the vessels.

Plaintiff, individually and D/B/A the Contracting Parties, filed this lawsuit to assert claims related to the purchase agreements against Howell, individually, TM, and Tidewater Marine International, Inc. ("TMII")[2] (collectively, the "Defendants"). Plaintiff first asserts a claim for breach of the purchase agreements based on the Defendant's alleged failure to return deposits or payments made under the purchase agreements. Plaintiff also asserts claims that derive from the alleged breach. In particular, Plaintiff asserts claims of unjust enrichment, common law fraud, fraudulent inducement, and violations of the Texas Theft Liability Act ("TTLA") based on the Defendants' alleged failure to return deposits and payments made under the purchase agreements.[3]

---

[2]    Defendant Tidewater Marine International Inc. has not yet been served with Plaintiff's petition in this case and is not a party to this Motion to Dismiss.

[3]    Plaintiff also asserts a claim for attorney's fees under Tex. Civ. Prac. & Rem. Code §§ 38.001, *et seq.*, which allows a person to recover reasonable attorney's fees on a valid claim for breach of contract. However, for the reasons stated herein, Plaintiff fails to assert a valid claim for breach of the Purchase Agreements. Because Plaintiff's claims on the Purchase Agreements must be dismissed, Plaintiff's derivative claim for attorney's fees under Tex. Civ. Prac. & Rem. Code §§ 38.001, *et seq.* must also be dismissed.

As set forth below, Plaintiff's claims against the Defendants must be dismissed for lack of standing. Plaintiff was not a party or third-party beneficiary to any of the purchase agreements and, therefore, does not have individual standing to sue on the purchase agreements. Further, Plaintiff fails to meet his burden to establish standing to sue in a "D/B/A" capacity. Plaintiff's conclusory allegation that he was doing business as the Contracting Parties, without any factual support, is not sufficient to establish Plaintiff's standing to maintain this case on behalf of the Contracting Parties. Moreover, the purchase agreements contradict Plaintiff's conclusory assertion. Plaintiff only executed one of the purchase agreements and only did so as "CEO" of Purchaser, Edam Gbere Nigeria Limited, and not "D/B/A" the Contracting Party. Plaintiff did not execute any of the other purchase agreements. Because Plaintiff's standing to sue in a "D/B/A" capacity does not adequately appear from the petition or purchase agreements, Plaintiff's claims must be dismissed for lack of standing under Rule 12(b)(1).

Even if Plaintiff has standing in this case, Plaintiff's claims against Howell and TM must be dismissed for failure to state a claim upon which relief may be granted. Plaintiff is not a party or third-party beneficiary to the purchase agreements, either individually or in a "D/B/A" capacity. Therefore, Plaintiff has no possibility of recovery against the Defendants for the alleged breach of the purchase agreements

or claims that derive from the alleged contractual breaches, including claims for unjust enrichment, fraud, and theft.

Plaintiff also fails to state a claim upon which relief may be granted against defendants, TM and Howell. Neither TM nor Howell were parties to the purchase agreements and, therefore, cannot be liable for any alleged breach of the purchase agreements. Similarly, Plaintiff fails to allege facts sufficient to show a possibility of recovery against TM and Howell for the claims of unjust enrichment, fraud, and theft. Plaintiff alleges no facts to show that TM and Howell actually obtained the funds in question or that TM and Howell made any statements that constitute a fraudulent misrepresentation. As such, Plaintiff's allegations fail to state a claim against Howell and TM upon which relief may be granted. Therefore, Plaintiff's claims against these defendants must be dismissed, with prejudice, pursuant to Rule 12(b)(6).

## FACTUAL AND PROCEDURAL BACKGROUND

On August 28, 2019, Plaintiff, individually and D/B/A Edam Gbere International Services, Edam Gbere Nigeria Limited, D1 Integrated Services, and Caroline Marine Services, Ltd. ("Contracting Parties") initiated this lawsuit by filing a Petition for Damages in the 165th Judicial Civil District Court of Harris County, Texas. The Lawsuit names Howell, individually, TM, and TMII as Defendants.

All of Plaintiff's claims are premised on three, separate vessel purchase agreements. The vessel purchase agreements in question are listed below:

1) An Agreement of Purchase and Sale for the sale of the M/V LOURDES TIDE and SOYO TIDE, dated March 12, 2019, between Edam Gbere Nigeria Limited, as purchaser, and TMII, as a disclosed agent for Sonatide Marine, Ltd. and Point Marine, LLC, as seller ("LOURDES TIDE PSA");

2) An Agreement of Purchase and Sale for the sale of the M/V MONTGOMERY TIDE, dated June 14, 2019, between Purple Fleet Limited, as owner, and Caroline Marine Services Ltd., as purchaser ("MONTGOMERY TIDE PSA");

3) An Agreement of Purchase and Sale for the sale of the M/V SOYO TIDE, dated July 17, 2019, between Sonatide Marine, Ltd., as owner, and D1 Integrated Services, as purchaser ("SOYO TIDE PSA").

(collectively, the "Purchase Agreements").[4]

Neither TM nor Howell, individually, are parties to any of the Purchase Agreements. Howell's name only appears on the "Notices" Section of the Purchase Agreements as one of the designated representatives to receive any notices required or permitted under the Purchase Agreements on behalf of the Owners/Sellers.[5]

---

[4]     A true and correct copy of the LOURDES TIDE PSA is attached hereto as Exhibit "A". A true and correct copy of the MONTGOMERY TIDE PSA is attached hereto as Exhibit "B". A true and correct copy of the SOYO TIDE PSA is attached hereto as Exhibit "C". The court may consider the Purchase Agreements without converting this Motion into a motion for summary judgment, as the Purchase Agreements are referred to in and are central to Plaintiff's claims. *See*, *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

[5]     *See* LOURDES TIDE PSA, Exhibit A, section 17; MONTGOMERY TIDE PSA, Exhibit B, section 15; SOYO TIDE PSA, Exhibit C, section 15.

Likewise, Plaintiff, individually, is not a party or an express third-party beneficiary to any of the Purchase Agreements. Instead, Plaintiff alleges that the purchaser parties to the contracts, namely Edam Gbere Nigeria Limited, Caroline Marine Services, Ltd, and D1 Integrated Services, are all assumed names of Plaintiff. However, Plaintiff provides no factual support for his conclusory allegation that he was "doing business as" the Contracting Parties. Further, the Purchase Agreements contradict Plaintiff's conclusory assertion, as Plaintiff only executed the LOURDES TIDE PSA as "CEO" of Purchaser, Edam Gbere Nigeria Limited. Plaintiff did not execute the LOURDES TIDE PSA "D/B/A" as Edam Gbere Nigeria Limited. Moreover, Plaintiff did not execute either the MONTGOMERY TIDE PSA or the SOYO TIDE PSA in any capacity.

Although not a party to the Purchase Agreements, Plaintiff filed this lawsuit to assert a claim for breach of the Purchase Agreements against the Defendants. In particular, Plaintiff alleges that the Defendants breached the Purchase Agreements for failure to return deposits and payments allegedly made in connection with the Purchase Agreements. In support of his breach of contract claim, Plaintiff alleges as follows:

> Defendants charged $110,000 over the purchase price for the Lourdes Tide and kept the funds even after demand was made to return them. Defendants breached the contract for the Soyo Tide after receipt of $70,000; despite claiming to cancel the agreement Defendants kept the funds. Defendants breached the contract for the Montgomery Tide in

the same manner – taking a $100,000 deposit, cancelling the agreement, then refusing to return the funds…. *See* Petition for Damages, ¶ 14.

Plaintiff also asserts additional claims related to Defendant's alleged failure to return deposits and payments made under the Purchase Agreements. For example, Plaintiff also asserts a claim of unjust enrichment against the Defendants. Plaintiff alleges that the Defendants became "unjustly enriched" by obtaining and keeping the deposits and payments made in connection with the Purchase Agreements "by fraud, duress, and/or taking undue advantage." *See* Petition for Damages, ¶ 16.

Plaintiff further asserts claims of common law fraud and fraudulent inducement against the Defendants for making "material and false representations to Plaintiff regarding the contracts, deposits, and cancellation charges." In support of these claims, Plaintiff merely recites the elements of fraud and states generic, conclusory allegations regarding the alleged fraudulent taking of deposits and payments on the Purchase Agreements, as follows:

> It is anticipated that the evidence will show that Defendants made material and false representations to Plaintiff regarding the contracts, deposits, and cancellation charges. Defendants, specifically through Howell, made such false representations, knew the representations were false and/or made them recklessly, as a positive assertion, without knowledge of their truth. Defendants made the representations with the intent that Plaintiff would rely upon the false representations and Plaintiff justifiably relied upon the same in making the deposits and honoring their obligations under the contracts….

> Additionally, and/or alternatively, Defendants' material, false representations were made to induce Plaintiff into binding agreements

and Plaintiff justifiably relief upon the representations to their detriment. *See* Petition for Damages, ¶ 18-19.

Plaintiff also asserts a claim against the Defendants for alleged violations of the Texas Theft Liability Act ("TTLA"), Tex. Civ. Prac. & Rem. Code Ch. 134, for allegedly keeping and refusing to return the deposits and payments made in connection with the Purchase Agreements. Plaintiff alleges that "Defendants stole the money by deceiving Plaintiff into paying deposits and additional charges that Defendants then kept and refused to return. Defendants intended to deprive Plaintiff of the money and committed theft by using deception to induce Plaintiff to make the payments…." *See* Petition for Damages, ¶ 21.

On September 30, 2019, TM filed a Notice of Removal to remove Plaintiff's lawsuit to this Court on the basis of diversity jurisdiction, while also asserting the improper or fraudulent joinder of defendants, TM and Howell. In this Motion, TM and Howell now move for the dismissal, with prejudice, of Plaintiff's claims against them on the grounds that Plaintiff has no standing to maintain this lawsuit and has failed to state a claim against either TM or Howell upon which relief may be granted.

## LAW AND ARGUMENT

### I.  Rule 12(b)(1) Legal Standard.

Motions to dismiss for lack of standing are properly brought under Rule 12(b)(1), which authorizes motions to dismiss based on a lack of subject matter jurisdiction. *See Mingo v. Meritplan Ins. Co.*, 2007 U.S. Dist. LEXIS 89462 at *3

(W.D. La. 12/4/2007). Standing determines the court's "fundamental power even to hear the suit." *Grante ex rel. Family Eldercare v. Gilbert*, 324 F.3d 383, 386 (5th Cir. 2002) (quoting *Ford v. Nyclare Health Plans, Inc.*, 301 F.3d 329,333 (5th Cir. 2002)). Once a defendant brings a motion to dismiss for lack of standing, the burden is upon the plaintiff to prove that they have standing. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103 (1998).

A court should dismiss a complaint if the plaintiff's standing does not appear adequately from the complaint, the complaint supplemented by undisputed facts evidenced in the record, or the court's resolution of disputed facts. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Ordinarily, under the general principles of standing, "a litigant may not merely 'champion the rights of another.'" *Scottsdale Ins. Co. v. Knox Park Constr., Inc.*, 488 F.3d 680, 684 (5th Cir. 2007) (citing *Rohm & Hest Tex. Inc. v. Ortiz Bros. Insulation, Inc.*, 32 F.3d 205, 208 (5th Cir. 1994)). Instead, "a plaintiff's complaint must establish that he has a 'personal stake' in the alleged dispute, and that the alleged injury suffered is particularized as to him." *Raines v. Byrd*, 521 U.S. 811, 819 (1997). To establish standing, the plaintiff must prove that (1) the plaintiff suffered an injury in fact; (2) a causal connection between the injury and the defendant's alleged conduct; and (3) a likelihood that the injury will be redressed by a favorable decision. *Lujan v. Defendants of Wildlife*, 504 U.S. 555, 560-61 (1992).

**II.     Plaintiff Lacks Standing to Assert Claims against the Defendants.**

In order to establish standing in a breach of contract case, a plaintiff must prove that he is either (1) an actual party to the contract or (2) an intended third-party beneficiary of the contract. *SR Partners Hulen, LLC v. JPMorgan Chase Bank*, 2011 U.S. Dist. LEXIS 79409 at *12-13 (N.D. Tex. 07/21/2011) (citing *Resolution Trust Corp. v. Kemp*, 951 F.2d 657, 662 (5th Cir. 1992)); *see also Talman Home Federal Sav. & Loan Ass'n v. American Bankers Ins*., 924 F.2d 1347, 1351 (5th Cir. 1991) ("[A] contract will not be construed as having been made for the benefit of a third person unless it clearly appears that this was the intention of the contracting parties.").

A plaintiff that has no standing to sue on a contract generally also has no standing to sue on claims that derive from the contract. *See Seastrunk v. Darwell Integrated Tech., Inc*., 2005 U.S. Dist. LEXIS 14191 (N.D. Tex. 07/15/2005). For example, in *Seastrunk v. Darwell*, the court found that the plaintiff did not have standing to sue on a royalty agreement because he was neither a signatory nor a third party beneficiary to the agreement. *Id.* at 11-12. The court further found that the plaintiff did not have standing to bring his claims of fraud and civil conspiracy, which argued that the defendants committed fraud by making misrepresentations and by failing to disclose information regarding the agreement in bankruptcy proceedings. *Id*. at 12. The court held that "without standing to sue on the contract,

[plaintiff] does not have standing to sue on these claims that derive from it because he was not injured by relying on the contract." *Id.* at *13 (citing *Greater Iowa Corporation v. McLendon*, 378 F.2d 783, 792 (8th Cir. 1967) (finding that the only party with standing to attack the validity of transactions between contracting parties was the party who was allegedly defrauded, and that the plaintiffs, as strangers to the contract, had no standing to inject themselves between the contracting parties).

Here, Plaintiff cannot meet his burden of proving that he has standing to bring this lawsuit against the Defendants. First, Plaintiff, individually, was neither a signatory nor an express third-party beneficiary of the Purchase Agreements. Plaintiff alleges no facts that show he suffered an individual injury separate from the Contracting Parties. Therefore, Plaintiff has no individual standing to assert claims for breach of the Purchase Agreements or claims that derive from the alleged breach of the Purchase Agreements, including the claims for unjust enrichment, common law fraud, fraudulent inducement, or violation of the TTLA. In other words, Plaintiff was not a party or beneficiary to the Purchase Agreements and, therefore, cannot have standing to allege that he was fraudulently induced into entering into the Purchase Agreements or into making deposits or other payments in connection therewith.

Second, Plaintiff alleges no facts sufficient to show that he has standing to maintain this case in the alleged capacity of "D/B/A" the Contracting Parties.

Plaintiff's petition alleges no facts to establish that Plaintiff was authorized or actually doing business in Texas under the alleged "assumed names" of the Contracting Parties. Plaintiff's conclusory allegation that he was doing business as all of the Contracting Parties, without any factual support, is not sufficient to establish Plaintiff's standing in a "D/B/A" capacity. Plaintiff has clearly alleged that he was doing business as the Contracting Parties in order to individually bring this lawsuit as a Texas resident and to defeat diversity.

Moreover, the Purchase Agreements plainly contradict Plaintiff's assertion that he was doing business under the assumed names of the Contracting Parties. Plaintiff only executed one of the Purchase Agreements, namely the LOURDES TIDE PSA, and only did so as the CEO of the purchaser, Edam Gbere Nigeria Limited. Plaintiff did not execute the LOURDES TIDE PSA as "D/B/A" Edam Gbere Nigeria Limited, and Plaintiff did not execute any of the other Purchase Agreements. In sum, Plaintiff's standing to bring this lawsuit "doing business as" the Contracting Parties does not appear adequately from the conclusory allegations in the complaint or from the Purchase Agreements that are central to Plaintiff's claims. Plaintiff has failed to meet his burden of establishing standing in this case, and, therefore, his claims must be dismissed pursuant to Rule 12(b)(1).

### III.   Rule 12(b)(6) Legal Standard.

A motion to dismiss under Rule 12(b)(6) questions whether the plaintiff's complaint contains sufficient facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). The court must accept all well-pled factual allegations of the complaint as true, but **"conclusory allegations or legal conclusions masquerading as factual conclusions" are not considered and are not sufficient to defeat a motion to dismiss.** *Beavers v. Metropolitan Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009) (emphasis added).  Once the court has identified the well-pleaded factual allegations, the court should "assume their veracity" and then decide whether those allegations "plausibly give rise to an entitlement to relief." *Ashcroft*, 556 U.S. at 664. When the complaint's allegations could not raise a claim of entitlement to relief, the claim should be dismissed. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007) ("[T]his basic deficiency should…be exposed at the point of minimum expenditure of time and money by the parties and the court.").

If the court must consider materials outside of the pleadings in ruling on a Rule 12(b)(6) motion to dismiss, the court must generally treat the motion as a motion for summary judgment. *Tuley v. Heyd*, 482 F.2d 590, 592 (5th Cir. 1973).  A limited exception to this rule exists, however, which allows the court to consider materials that are "referred to in the plaintiff's complaint and are central to [the

plaintiff's] claim" without converting the motion to dismiss into a motion for summary judgment. *See e.g.*, *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-499 (5th Cir. 2000). Plaintiff's breach of contract, unjust enrichment, fraud, fraudulent inducement, and theft claims all arise out of and are premised on the Purchase Agreements. Because the Purchase Agreements are "referred to" in the petition and "are central to" Plaintiff's claims, this Court may consider the Purchase Agreements without converting this Motion to Dismiss into a motion for summary judgment.

## IV.    Plaintiff Fails to State a Claim for Breach of Contract.

First, Plaintiff's breach of contract claim against the Defendants should be dismissed for failure to state a claim upon which relief may be granted. As explained above, Plaintiff, individually, is not a party or third-party beneficiary to any of the Purchase Agreements. Further, Plaintiff's conclusory allegations, together with the Purchase Agreements, fail to show that Plaintiff was authorized or actually conducting business under the assumed names of the Contracting Parties. As such, Plaintiff has failed to establish his right to sue or his entitlement to recovery on the Purchase Agreements. Therefore, Plaintiff has failed to state a claim for breach of the Purchase Agreements upon which relief may be granted to him.

Even if Plaintiff has a possibility of recovery, Plaintiff's breach of contract claim against TM and Howell must be dismissed, with prejudice, as TM and Howell are also not parties to the Purchase Agreements. *See Sanderson v. H.I.G. P-XI Holding, Inc*., 2000 U.S. Dist. LEXIS 10893 at *7-8 (E.D. La. 07/27/2000) ("It is beyond dispute that privity between a plaintiff and defendant is necessary to the maintenance of an action on a contract."). TM and Howell thus cannot be liable for any alleged breach of the Purchase Agreements for failure to return deposits and payments made in connection therewith. Therefore, Plaintiff's claims for breach of the Purchase Agreements against TM and Howell must be dismissed under Rule 12(b)(6).

## V.     Plaintiff Fails to State a Claim for Unjust Enrichment.

Second, Plaintiff has no possibility of recovery against either TM or Howell for his claim for unjust enrichment. Plaintiff alleges that the Defendants, including Howell and TM, were unjustly enriched by obtaining and keeping deposits or payments made in connection with the three Purchase Agreements "by fraud, duress, and/or taking undue advantage." However, Plaintiff's claims for unjust enrichment fail as a matter of law because Plaintiff has asserted alternative theories of recovery, including breach of an expressed contract. *See e.g., Protocol Techs., Inc. v. J.B. Grand Canyon Dairy, L.P*., 406 S.W.3d 609, 614 (Tex. App. 2013) ("[A] party may not recover under…unjust enrichment if there is an express contract that covers the

services or materials furnished."); *Vagelos v. Abramson*, 2012-1235 (La. App. 4 Cir. 2013) 126 So. 3d 639, 651 (finding that "plaintiff could not state a claim based on unjust enrichment because an alternative theory of recovery was available to the plaintiff."). Because Plaintiff seeks recovery under the express Purchase Agreements, Plaintiff's claims for unjust enrichment must be dismissed.

Even if Plaintiff were permitted to assert a claim for unjust enrichment, Plaintiff has no possibility of recovery against TM or Howell. Plaintiff was not a party to the Purchase Agreements, either in an individual capacity or under the assumed names of the Contracting Parties. Similarly, neither TM nor Howell were parties to the Purchase Agreements. Therefore, Plaintiff is not entitled to recovery against either TM or Howell for claims related to deposits or payments made or received in connection with the Purchase Agreements. Plaintiff alleges no specific statements or conduct by Howell or TM that might constitute a fraudulent misrepresentation or duress. Further, Plaintiff fails to allege that Howell or TM actually obtained funds from Plaintiff by which either defendant could have been unjustly enriched. In sum, Plaintiff alleges no facts that show a possibility of recovery for unjust enrichment against TM or Howell. Accordingly, Plaintiff's unjust enrichment claim against these defendants must be dismissed.

## VI.  Plaintiff Fails to State a Claim for Fraud and Fraudulent Inducement.

Third, Plaintiff has no possibility of recovering against either Howell or TM for his claims of common law fraud and fraudulent inducement. Under Texas law, a plaintiff asserting a claim of common law fraud must allege facts sufficient to establish that (1) the defendant made a material representation that was false; (2) the defendant knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth; (3) the defendant intended to induce the plaintiff to act upon the representation; and (4) the plaintiff actually and justifiably relied on the representation, which caused the injury. *Ernst & Young, LLP v. Pac. Mut. Life Ins. Co*., 51 S.W. 3d 573, 577 (Tex. 2001). Similarly, a claim for fraudulent inducement "is a particular species of fraud that arises only in the context of a contract and requires the existence of a contract as part of its proof." *Williams v. Dardenne*, 345 S.W. 3d 118, 124-25 (Tex. App. – Houston [1st Dist.] 2011). "That is, with a fraudulent inducement claim, the elements of fraud must be established as they relate to an agreement between the parties." *Id.* (citing *Haase v. Glazner*, 62 S.W.3d 795, 798-99 (Tex. 2001)).

Here, Plaintiff alleges that the Defendants, including Howell and TM, should be liable for common law fraud and/or fraudulent inducement for making "material and false representations to Plaintiff regarding the contracts, deposits, and cancellation charges." Plaintiff further alleges that "Defendants, specifically through

Howell" made "false representations" and "knew the representations were false and/or made them recklessly, as a positive assertion, without knowledge of their truth." *See* Petition for Damages, ¶ 18-20. As previously stated, Plaintiff's petition together with the Purchase Agreements fail to show that Plaintiff was a party to the Purchase Agreements or that Plaintiff made payments under the Purchase Agreements, either individually or under the assumed names of the Contracting Parties. Plaintiff cannot have been fraudulently induced into entering the purchase agreements or making payments under the purchase agreements to which he was never a party. As such, Plaintiff has no possibility of recovery against the Defendants for his claims of common law fraud or fraudulent inducement.

Even if Plaintiff could possibly recover for his claims of fraud and fraudulent inducement, Plaintiff still has no possibility of recovery against Howell or TM. Again, neither Howell nor TM are parties to the Purchase Agreements. Therefore, they are not the proper parties to Plaintiff's claims of being fraudulently induced into entering into the Purchase Agreements or into making deposits and payments in connection with the Purchase Agreements.

Further, Plaintiff fails to allege exactly what was falsely represented by TM or Howell with respect to the contracts, deposits, and other payments. Plaintiff does not allege that Howell, in his individual capacity, made any specific false statements, nor does Plaintiff allege that TM made any independent false representations to

Plaintiff. Instead of alleging specific, fraudulent misrepresentations made by TM or Howell, Plaintiff supports his fraud claim by merely regurgitating the elements of fraud. Plaintiff's generic, conclusory allegations of fraud without any factual support fail to establish a plausible cause of action or possibility of recovery for common law fraud or fraudulent inducement against Howell or TM. *See Hornbuckle*, 385 F.3d at 542. Accordingly, Plaintiff's claims for fraud must be dismissed, with prejudice, pursuant to Rule 12(b)(6).

## VII.   Plaintiff Fails to State a Claim under the Texas Theft Liability Act.

Finally, Plaintiff also fails to allege facts sufficient to establish a possibility of recovery under the TTLA. The TTLA provides that a person "who commits theft is liable for the damages resulting from the theft." TEX. CIV. PRAC. & REM. CODE ANN. § 134.003(a). In order to assert a claim for theft, the plaintiff must allege facts sufficient to establish an unlawful appropriation of property. Appropriation of property is unlawful if it is without the owner's effective consent, the property is stolen, and the actor appropriates the property knowing it was stolen by another. *Mid-Town Surgical Ctr., LLP v. Blue Cross Blue Shield of Tex.,* 2012 U.S. Dist. LEXIS 102789 at *11-13 (S.D. Tex. 07/24/2012).

In his Petition for Damages, Plaintiff alleges that "Defendants stole the money by deceiving Plaintiff into paying deposits and additional charges that Defendants then kept and refused to return. Defendants intended to deprive Plaintiff of the

money and committed theft by using deception to induce Plaintiff to make the payments….” *See* Petition for Damages, ¶ 21. Again, Plaintiff fails to show that he was individually induced to make deposits or other payments under the Purchase Agreements, as he was not individually a party to the Purchase Agreements and cannot show that he was authorized or actually conducting business under the assumed names of the Contracting Parties. Therefore, Plaintiff has failed to state a claim for theft upon which relief may be granted to him.

Plaintiff also fails to allege any facts to show that the funds in question were ever in the possession of Howell or TM or ever misappropriated by Howell or TM. Plaintiff also fails to allege exactly how Howell or TM deceived Plaintiff into paying deposits or other funds in connection with the Purchase Agreements. Instead, Plaintiff merely asserts generic and conclusory allegations of theft without any supporting facts. Therefore, Plaintiff's allegations are insufficient to establish a possible cause of action under the TTLA against Howell or TM, and, therefore, Plaintiff's TTLA claims against Howell and TM must be dismissed under Rule 12(b)(6).

## **CONCLUSION**

Based on the foregoing, Plaintiff's allegations together with the Purchase Agreements fail to show that Plaintiff has standing to maintain this lawsuit or that Plaintiff has even a possibility of recovery against either Howell, individually, or

TM for the claims of breach of contract, unjust enrichment, common law fraud, fraudulent inducement, and/or theft. Accordingly, Plaintiff's claims against Howell and TM should be dismissed, with prejudice, under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

Respectfully submitted,

*/s/ Jennifer David*
JENNIFER DAVID (SDTX 3229371)
WILLIAM C. BALDWIN (La. 31613), *pro hac*
R. SCOTT JENKINS (La. 23144), *pro hac*
JONES WALKER LLP
201 St. Charles Avenue, 48th Floor
New Orleans, Louisiana 70170-5100
Telephone:      (504) 582-8315
Fax:              (504) 589-8315
E-Mail:   jdavid@joneswalker.com
                  wbaldwin@joneswalker.com
                  sjenkins@joneswalker.com

-and-

JUSTIN QUIN (SDTX 3326964)
JONES WALKER LLP
811 Main Street, Suite 2900
Houston, TX 77002
Telephone:      (713) 437-1877
Fax:              (713) 437-1949
E-Mail:   jquin@joneswalker.com *Attorneys for Tidewater Marine, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 7th, 2019, the above and foregoing has been electronically filed through this Court's CM/ECF system, which will send notice of this filing to all counsel of record.

*/s/ Jennifer David*
JENNIFER DAVID