**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **DONALD B. JOHN-MILLER, INDIVIDUALLY AND D/B/A EDAM GBERE INTERNATIONAL SERVICES, EDAM GBERE NIGERIA LIMITED, D1 INTEGRATED SERVICES, and, CAROLINE MARINE SERVICES, LTD.,** | **CIVIL ACTION NO. 4:19-CV-03752** |
| | **JUDGE DAVID HITTNER** |
| **vs.** | **MAG. JUDGE PETER BRAY** |
| **AUSTIN HOWELL, INDIVIDUALLY, TIDEWATER MARINE INTERNATIONAL, INC., and TIDEWATER MARINE, LLC,** | |

## DEFENDANTS TIDEWATER MARINE, LLC'S AND AUSTIN HOWELL'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

Defendants, Tidewater Marine, LLC ("TM") and Austin Howell ("Howell"),[1] respectfully submit this Brief in Opposition to the Motion to Remand filed by Plaintiff, Donald B. John-Miller ("Plaintiff"), individually and allegedly D/B/A Edam Gbere International Services, Edam Gbere Nigeria Limited, D1 Integrated Services, and Caroline Marine Services, Ltd., as follows:

## SUMMARY OF THE ARGUMENT

This lawsuit has been properly removed to this Court, as Plaintiff improperly or fraudulently joined TM and Howell as defendants in this case.[2] Plaintiff filed this

---

[1] Howell has not been served with Plaintiff's Petition. Without waiving any defenses, Howell makes this limited appearance for the sole purpose of requesting the relief sought in his Motion to Dismiss and to oppose the Motion to Remand.

[2] Howell is an individual resident of Houston. TM is a Louisiana limited liability company who Plaintiff alleges maintains its principal place of business in Texas.

lawsuit in Texas state court against TM, Howell, and Tidewater Marine International, Inc. ("TMII")[3] (collectively, the "Defendants") to assert claims premised on three vessel purchase agreements (collectively, the "Purchase Agreements"). In particular, Plaintiff asserts a claim for breach of contract based on the Defendants' alleged failure to return deposits or payments made under the Purchase Agreements. Plaintiff also asserts claims that derive from the alleged breach, including claims of unjust enrichment, common law fraud, fraudulent inducement, and violations of the Texas Theft Liability Act ("TTLA").

Neither TM nor Howell are parties to the Purchase Agreements. Moreover, Plaintiff alleges no facts to show that TM or Howell actually obtained the funds in question or made any statements that constitute a fraudulent misrepresentation. As such, Plaintiff fails to allege facts sufficient to show a plausibility of recovery against TM or Howell for Plaintiff's claims for breach of contract, unjust enrichment, fraud, and theft. Instead, Plaintiff has clearly improperly or fraudulently joined TM and Howell as defendants in order to defeat diversity jurisdiction.

Excluding the citizenship of TM and Howell, complete diversity exists between Plaintiff, a Texas citizen, and the remaining defendant TMII, a Cayman Islands corporation. Because there is complete diversity of citizenship and the

---

[3]   Defendant TMII is a Cayman Islands corporation that has not yet been served with Plaintiff's petition in this case and is not a party to this Opposition.

amount in controversy exceeds $75,000, diversity jurisdiction lies with this Court and removal is proper.

Plaintiff has also improperly or fraudulently alleged that he is doing business as parties to the Purchase Agreements in order to plead his Texas citizenship and defeat diversity jurisdiction. The purchasing parties under the Purchase Agreements are all Nigerian companies, but Plaintiff is a Texas citizen. Plaintiff provides no evidence that he is authorized to or actually doing business as the purchasing parties. Moreover, Plaintiff is not a party or third-party beneficiary to the Purchase Agreements, either individually or in a "D/B/A" capacity. By claiming he is acting under the assumed names of parties to the Purchase Agreements, Plaintiff has surreptitiously pled his Texas citizenship in order to defeat removal in this case.

## PROCEDURAL AND FACTUAL BACKGROUND

On August 28, 2019, Plaintiff, individually and allegedly D/B/A Edam Gbere International Services, Edam Gbere Nigeria Limited, D1 Integrated Services, and Caroline Marine Services, Ltd. initiated this lawsuit against the Defendants by filing a Petition for Damages in the 165th Judicial District Court of Harris County, Texas.

The claims asserted in Plaintiff's petition are premised on three, separate Purchase Agreements listed below:

1) An Agreement of Purchase and Sale for the sale of the M/V LOURDES TIDE and SOYO TIDE, dated March 12, 2019, between **Edam Gbere Nigeria Limited, as purchaser**, and **TMII, as a disclosed agent for <u>Sonatide Marine, Ltd.</u> and <u>Point Marine, LLC</u>, as seller** ("LOURDES TIDE PSA");

2) An Agreement of Purchase and Sale for the sale of the M/V MONTGOMERY TIDE, dated June 14, 2019, between **<u>Purple Fleet Limited</u>, as owner**, and **<u>Caroline Marine Services Ltd.</u>, as purchaser** ("MONTGOMERY TIDE PSA");

3) An Agreement of Purchase and Sale for the sale of the M/V SOYO TIDE, dated July 17, 2019, between **<u>Sonatide Marine, Ltd.</u>, as owner**, and **<u>D1 Integrated Services</u>, as purchaser** ("SOYO TIDE PSA").[4]

The selling parties under the Purchase Agreements are Sonatide Marine, Ltd., Point Marine, LLC, and Purple Fleet Limited (collectively, the "Selling Parties"). The purchasing parties under the Purchase Agreements are Edam Gbere Nigeria Limited, D1 Integrated Services, and Caroline Marine Services Ltd. (collectively, the "Purchasing Parties"). The Purchasing Parties are all Nigerian companies.[5]

In his petition, Plaintiff alleges that he is doing business as the Purchasing Parties. As such, Plaintiff filed this lawsuit individually and allegedly "D/B/A" the Purchasing Parties to assert a claim for breach of the Purchase Agreements against the Defendants. In particular, Plaintiff alleges that the Defendants are liable for

---

[4] A true and correct copy of the LOURDES TIDE PSA is attached hereto as Exhibit "A"; the MONTGOMERY TIDE PSA is attached hereto as Exhibit "B"; and the SOYO TIDE PSA is attached hereto as Exhibit "C".

[5] *See* LOURDES TIDE PSA, Exhibit A, ¶17; MONTGOMERY TIDE PSA, Exhibit B, ¶15; SOYO TIDE PSA, Exhibit C, ¶15.

breach of contract for failing to return deposits and payments made in connection with the Purchase Agreements.

Plaintiff also asserts additional claims that derive from the alleged breach for Defendant's purported failure to return funds paid under the Purchase Agreements, including a claim of unjust enrichment. Plaintiff alleges that the Defendants became "unjustly enriched" by obtaining and keeping the funds paid in connection with the Purchase Agreements "by fraud, duress, and/or taking undue advantage." *See* Petition for Damages, ¶ 16.

Plaintiff further asserts claims of common law fraud and fraudulent inducement against the Defendants for making "material and false representations to Plaintiff regarding the contracts, deposits, and cancellation charges." In support of these claims, Plaintiff merely recites the elements of fraud and states generic, conclusory allegations against the Defendants, as follows:

> It is anticipated that the evidence will show that Defendants made material and false representations to Plaintiff regarding the contracts, deposits, and cancellation charges. Defendants, specifically through Howell, made such false representations, knew the representations were false and/or made them recklessly, as a positive assertion, without knowledge of their truth. Defendants made the representations with the intent that Plaintiff would rely upon the false representations and Plaintiff justifiably relied upon the same in making the deposits and honoring their obligations under the contracts….

> Additionally…Defendants' material, false representations were made to induce Plaintiff into binding agreements and Plaintiff justifiably relief upon the representations to their detriment.

Plaintiff also asserts a claim against the Defendants for alleged violations of the TTLA for allegedly keeping and refusing to return funds paid under the Purchase Agreements. Plaintiff alleges that "Defendants stole the money by deceiving Plaintiff into paying deposits and additional charges that Defendants then kept and refused to return. Defendants intended to deprive Plaintiff of the money and committed theft by using deception to induce Plaintiff to make the payments…."

On September 30, 2019, TM filed a Notice of Removal [R. Doc. 1] to remove Plaintiff's lawsuit to this Court on the basis of diversity jurisdiction and the improper or fraudulent joinder of defendants, TM and Howell. On October 7, 2019, TM and Howell filed a Motion to Dismiss [R. Doc. 10] based on the lack of Plaintiff's standing to bring this lawsuit and for Plaintiff's failure to state a claim against these defendants upon which relief may be granted. TM and Howell's Motion to Dismiss remains pending before this Court.

On October 15, 2019, Plaintiff filed a Motion to Remand [R. Doc. 12]. TM and Howell now file this Opposition to Plaintiff's Motion to Remand on the grounds that Plaintiff has no plausibility of recovery against TM and Howell for any of the causes of action asserted in this case. Moreover, Plaintiff has improperly or fraudulently pled that he is doing business as the Nigerian Purchasing Parties so that he can assert his Texas citizenship to defeat removal. Therefore, this Court should exclude the citizenship of the improperly or fraudulent joined defendants, TM and

Howell, and should disregard Plaintiff's improperly pled Texas citizenship when considering removal jurisdiction.

## LAW AND ARGUMENT

### I.     Legal Standard for Fraudulent Joinder

In order to remove a lawsuit based on diversity jurisdiction, the removing defendant must demonstrate that all of requirements of 28 U.S.C. § 1332 jurisdiction are satisfied. *Smallwood v. Illinois Cent. R.R.*, 385 F.3d 568, 572 (5th Cir. 2004). Removal is not appropriate if "any of the parties in interest ***properly*** joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). A lawsuit lacking complete diversity may still be subject to removal where the removing defendant shows that the plaintiff has improperly or fraudulently joined a non-diverse defendant for the purpose of defeating federal jurisdiction. *Smallwood*, 385 F.3d at 573. Improper or fraudulent joinder may be established in two ways: (1) actual fraud in the pleading of jurisdiction facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)).

Removal is appropriate where the plaintiff has absolutely no possibility of recovery against the non-diverse defendant. *Grassy v.  Ciba-Geigy, Ltd*., 894 F.2d 181, 186 (5th Cir. 1990). "[A] mere theoretical possibility of recovery in state court

will not preclude a finding of improper joinder." *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014); *see also Priester v. Long Beach Mortg. Co.*, 2016 U.S. Dist. LEXIS 183786, *9, n. 4 (E.D.Tex. 12/16/2016) ("[A] claim is not plausible when there is only a mere possibility of misconduct."). Conclusory or generic allegations are also not sufficient to defeat removal on the grounds of fraudulent joinder. *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004) (citing *Matsushita v. Zenith Radio Corp.*, 475 U.S. 574 (1986) (as with a summary judgment proceeding, a "conclusory allegation" is insufficient to preclude fraudulent joinder removal)).

When considering an argument for fraudulent or improper joinder, the court's review is not limited to the pleadings. *Travis v. Irby*, 326 F.3d 644, 648-49 (5th Cir. 2003). Instead, the court may "pierce the pleadings" and consider summary judgment-type evidence when determining whether a non-diverse defendant has been improperly or fraudulently joined. *Id.*

## II.   TM and Howell have been Improperly or Fraudulently Joined.

TM and Howell have clearly been improperly or fraudulently joined as defendants in this case because Plaintiff has no plausible cause of action against these defendants for breach of the Purchase Agreements or for claims derivative of the alleged breach.

As to Plaintiff's claim for breach of contract, it is a fundamental principle of contract law that "a non-signatory to a contract cannot be named as a defendant in a breach of contract action." *Crabtree v. Tristar Automotive Group, Inc.,* 776 F. Supp. 155, 166 (S.D.N.Y. 1991); *see also Adams v. Unione Mediterranea di Sicurta*, 364 F.3d 646, 652 (5th Cir. 2004) ("[C]ourts cannot bind a non-party to a contract, because that party never agreed to the terms set forth therein."); *EEOC v. Waffle House, Inc*., 534 U.S. 279, 294, 151 L. Ed. 2d 755, 122 S. Ct. 754 (2002) ("It goes without saying that a contract cannot bind a nonparty."); *Sanderson v. H.I.G. P-XI Holding, Inc*., 2000 U.S. Dist. LEXIS 10893 at *7-8 (E.D. La. 07/27/2000) ("It is beyond dispute that privity between a plaintiff and defendant is necessary to the maintenance of an action on a contract.").

Here, neither TM nor Howell are signatories or parties to the Purchase Agreements. Therefore, under inherent principles of contract law, TM and Howell cannot be liable for any alleged breach of the Purchase Agreements. Plaintiff has clearly improperly or fraudulently joined TM and Howell as defendants to his claims related to an alleged breach of the Purchase Agreements in order to obtain jurisdiction in Texas state court.

Plaintiff's Motion to Remand attempts to show a plausibility of recovery against TM for breach of contract by incorrectly alleging that TMII is a wholly-owned subsidiary of TM. TMII executed the LOURDES TIDE PSA as a

disclosed agent for the Selling Parties, Sonatide Marine, Ltd. and Point Marine, LLC. However, TMII is **not** the wholly owned subsidiary of TM. Plaintiff's petition fails to set forth any independent basis by which to attribute liability to TM, absent the incorrect assertion that TMII is a wholly owned subsidiary of TM.

Plaintiff also seeks to impute liability to Howell by alleging that he is an employee of TM and that he was "the main actor in orchestrating the purchase contracts, getting deposits, then canceling the contracts or requiring additional payment in order to release a vessel" under the Purchase Agreements. However, Howell is not an employee of TM but is in fact an employee of the ultimate parent company, Tidewater, Inc. Howell is not listed on any Purchase Agreement as a contact or representative for TM.

Moreover, Howell cannot be made liable for an alleged breach of contract based on the sole fact that Howell was the contact person with which the Purchasing Parties communicated in connection with the Purchase Agreements. Plaintiff fails to provide any law to support his assertion that Howell, as merely a point of contact, should be liable for any alleged breach of the Purchase Agreements. Because only a signatories to a contract can be liable for a breach of that contract, a non-signatory merely assisting in the administration of a contract cannot be liable for an alleged breach. Plaintiff provides no legal basis to impose liability to Howell for breach of the Purchase Agreements on the sole grounds that Howell was a "main actor" in

facilitating the contractual relationship between the Purchasing Parties and the Selling Parties. Instead, the law clearly states that Howell and TM cannot be liable for any alleged breach of Purchase Agreements, as they are neither signatories nor parties to those contracts. Therefore, Howell and TM have been improperly or fraudulent joined to Plaintiff's claim for breach of contract.

The same is true with respect to claims derivative of the alleged breach of the Purchase Agreements. Like Plaintiff's breach of contract claim, Plaintiff similarly has no plausibility of recovery against TM or Howell for his unjust enrichment claim based on the Defendants' alleged refusal to return funds paid under the Purchase Agreements. First, Plaintiff is precluded from bringing an alternative claim for unjust enrichment because Plaintiff already seeks recovery under another cause of action. *See Protocol Techs., Inc. v. J.B. Grand Canyon Dairy, L.P.*, 406 S.W.3d 609, 614 (Tex. App. 2013) ("[A] party may not recover under…unjust enrichment if there is an express contract that covers the services or materials furnished."); *see also Ruby Slipper Café v. Belou*, C.A. No. 18-1548, 2019 U.S. Dist. LEXIS 44728, at *27 (E.D. La. 03/19/2019) ("A plaintiff is precluded from seeking recovery under a theory of unjust enrichment if it pleads another cause of action, regardless of whether the plaintiff is successful on the other theory of recovery.").

Second, even if Plaintiff is an entitled to maintain an alternative unjust enrichment claim, Plaintiff fails to allege facts sufficient to establish a plausible

cause of action for unjust enrichment against TM and Howell. Neither TM nor Howell were parties to the Purchase Agreements, and, therefore, they cannot be liable for claims related to funds paid in connection with the Purchase Agreements. Plaintiff also fails to allege or show that Howell or TM actually obtained funds from Plaintiff by which either defendant could have been unjustly enriched.

In fact, the Plaintiff's own evidence shows that neither TM nor Howell received the funds at issue. The invoice[6] contained in Plaintiff's Motion to Remand is from TMII to the Purchasing Party, Edam Gbere Nigeria Limited. Neither TM nor Howell are parties to the transaction evidenced by the invoice proffered by Plaintiff. In Exhibit "A" to his Opposition to the Motion to Dismiss, Plaintiff also attached "Funds Transfer Request Authorization" forms evidencing wire transfers made in connection with the Purchase Agreements. The wire transfer forms show that TMII and Sonatide Marine Ltd. received the funds at issue, and not Howell, individually, or TM. In sum, Plaintiff's own evidence contradicts his conclusory allegations against Howell and TM and fails to show that these defendants actually received or exercised control over the funds. Therefore, Plaintiff has failed to demonstrate a plausibility of recovery against Howell or TM for his claim of unjust enrichment.

---

[6]    The invoice is also attached as Exhibit "C" to Plaintiff's Opposition to the Motion to Dismiss.

Plaintiff also has no plausibility of recovery against Howell or TM for his claims for common law fraud and fraudulent inducement. Under Texas law, a plaintiff asserting a claim of common law fraud must allege facts sufficient to establish that (1) the defendant made a material representation that was false; (2) the defendant knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth; (3) the defendant intended to induce the plaintiff to act upon the representation; and (4) the plaintiff actually and justifiably relied on the representation, which caused the injury. *Ernst & Young, LLP v. Pac. Mut. Life Ins. Co*., 51 S.W. 3d 573, 577 (Tex. 2001). Similarly, a claim for fraudulent inducement "is a particular species of fraud that arises only in the context of a contract and requires the existence of a contract as part of its proof." *Williams v. Dardenne*, 345 S.W. 3d 118, 124-25 (Tex. App. – Houston [1st Dist.] 2011).

Here, Plaintiff's petition alleges that the Defendants, including Howell and TM, should be liable for common law fraud and/or fraudulent inducement for making "material and false representations to Plaintiff regarding the contracts, deposits, and cancellation charges." *See* Petition for Damages, ¶ 18-20. In an effort to further explain the allegations in the petition, Plaintiff's Motion to Remand only states that:

> Howell demanded another $110,000 to release the [LOURDES TIDE]. This demand was a direct breach of the contract. Howell misrepresented to [Plaintiff] that the extra $110,000 was due because only one vessel was

> purchased out of the two listed on the [LOURDES TIDE
> PSA], yet the contract expressly allowed the single vessel
> purchase at the set price of $450,000.

*See* Motion to Remand ¶ 4.

Plaintiff's allegations do not show fraud by the Defendants to induce Plaintiff's payments or to induce the Purchasing Parties into executing the Purchase Agreements. Instead, these factual allegations speak to the administration of the Purchase Agreements. Plaintiff's allegations discuss subsequent negotiations between the Selling Parties and the Purchasing Parties in facilitating the sale and transfer of only one of two vessels originally contemplated under the LOURDES TIDE PSA. To that end, Plaintiff's fraud claim is based on allegations that merely describe negotiations during the administration of the Purchase Agreements. As previously stated, although Howell acted as a point of contact on behalf of the Selling Parties, Howell was not a signatory or party to the Purchase Agreements. Therefore, Howell cannot be held liable for Plaintiff's claim for breach of the Purchase Agreements, even if that claim is disguised as a claim for fraud.

Plaintiff also fails to allege facts sufficient to establish a plausibility of recovery against TM or Howell under the TTLA for theft. In order to assert a claim for theft under the TTLA, the plaintiff must allege facts sufficient to establish that the defendant stole property or appropriated property knowing it was stolen by

another. *Mid-Town Surgical Ctr., LLP v. Blue Cross Blue Shield of Tex.,* 2012 U.S. Dist. LEXIS 102789 at *11-13 (S.D. Tex. 07/24/2012).

Plaintiff makes the conclusory allegation that "Defendants stole the money by deceiving Plaintiff into paying deposits and additional charges that Defendants then kept and refused to return. Defendants intended to deprive Plaintiff of the money and committed theft by using deception to induce Plaintiff to make the payments…." *See* Petition for Damages, ¶ 21. However, as discussed above, Plaintiff fails to allege any facts to show that the funds in question were ever in the possession of Howell or TM or ever misappropriated by Howell or TM.

In fact, the evidence shows that the funds were **not** in the possession of Howell or TM. The wire transfer forms attached to Plaintiff's Opposition to the Motion to Dismiss show that TMII and Sonatide Marine Ltd. received the funds, and not Howell or TM. Similarly, the invoice included in Plaintiff's Motion to Remand is from TMII to the Purchasing Party, Edam Gbere Nigeria Limited. Neither Howell nor TM are named as parties to the transaction evidenced by this invoice. As such, Plaintiff's own evidence contradicts his conclusory allegations and shows that Howell and TM did not receive funds transferred in connection with the Purchase Agreements. Therefore, Plaintiff has no plausibility of recovery against these defendants for theft.

**III.     Plaintiff Fraudulently Plead his own Citizenship to Defeat Removal.**

Even if this Court finds that TM and Howell have been properly joined as defendants, diversity of citizenship still exists in this case, as Plaintiff's individual Texas citizenship should be disregarded when determining this Court's removal jurisdiction. As briefed in TM and Howell's Motion to Dismiss [R. Doc. 10], Plaintiff has improperly or fraudulently alleged that he is doing business as the Purchasing Parties without any factual or evidentiary support. The Purchasing Parties are all Nigerian companies. By claiming he is acting under the assumed names of the Purchasing Parties, Plaintiff has surreptitiously pled his Texas citizenship in order to defeat diversity jurisdiction and removal in this case.

Plaintiff provides no evidence or assumed name certificates to support his conclusory allegation that he was authorized or actually doing business in Texas as the Purchasing Parties. Instead, the Purchase Agreements actually contradict Plaintiff's conclusory assertion that he was acting under the assumed names of the Purchasing Parties. Plaintiff only executed the LOURDES TIDE PSA as "CEO" of Purchaser, Edam Gbere Nigeria Limited. Plaintiff did not execute the LOURDES TIDE PSA "D/B/A" as Edam Gbere Nigeria Limited. Moreover, Plaintiff did not execute either the other Purchase Agreements in any capacity.

In his Opposition to the Motion to Dismiss, Plaintiff provides only one "Assumed Name Records Certificate" that shows Plaintiff registered to conduct

business in Texas under the assumed name of Edam Gbere International Services. This entity is not one of the Purchasing Parties and, in fact, is not named anywhere in any of the Purchase Agreements. To the extent that Plaintiff, either individually or D/B/A Edam Gbere International Services, made payments on behalf of the Purchasing Parties, such payments would constitute a capital contribution or other kind of financing for the Purchasing Parties. However, Plaintiff's funding for the Purchasing Parties does not make him a party to the Purchase Agreements such that he should qualify as the proper party to bring claims related to any alleged breach.

Plaintiff fails to provide any other Assumed Name Records Certificate or other evidence to show that that he was authorized or actually doing business as the Purchasing Parties. Without an Assumed Name Records Certificate, Plaintiff has no right to bring this suit on behalf of the Purchasing Parties in Texas and has no plausibility of recovery for the claims asserted in this case.[7] In sum, Plaintiff has clearly alleged that he was doing business as the Purchasing Parties so that he could plead his Texas citizenship in order to defeat diversity jurisdiction. Therefore, this

---

[7] *See* Tex. Bus. & Com. Code Ann. § 71.051 (stating that in order to act under an assumed name in Texas, a person must register the assumed name by filing a certificate with the State of Texas); Tex. Bus. & Com. Code Ann. § 71.201 (explaining that a person's failure to file the requisite assumed name certificate will not impair the validity of the contract, but it does prevent that person from "maintain[ing] in a court of this state an action or proceeding arising out of a contract" in which the alleged assumed name was used).

Court should disregard the allegations of Plaintiff's Texas citizenship for the purpose of establishing diversity federal jurisdiction in this matter.

## CONCLUSION

Excluding the citizenship of the improperly or fraudulently joined defendants, Tidewater Marine LLC and Austin Howell, and considering the citizenship of the remaining defendant Tidewater Marine International, Inc., a Cayman Islands corporation, diversity jurisdiction exists in this case. Moreover, the Texas citizenship of Plaintiff should be disregarded, as he has improperly or fraudulently pled that he acts under the assumed names of the Nigerian Purchasing Parties.

Because diversity of citizenship exists in this case, Defendants Tidewater Marine LLC and Austin Howell respectfully request that this Court deny Plaintiff's Motion to Remand.

Respectfully submitted,

*/s/ Jennifer David*
WILLIAM C. BALDWIN (La. 31613), *pro hac*
R. SCOTT JENKINS (La. 23144), *pro hac*
JENNIFER A. DAVID (SDTX 3229371)
JONES WALKER LLP
201 St. Charles Avenue, 48th Floor
New Orleans, Louisiana 70170-5100
Telephone:       (504) 582-8315
Fax:              (504) 589-8315
E-Mail:           wbaldwin@joneswalker.com
                  sjenkins@joneswalker.com
                  jdavid@joneswalker.com


-and-

JUSTIN P. QUIN (SDTX 3326964)
JONES WALKER LLP
811 Main Street, Suite 2900
Houston, TX 77002
Telephone:       (713) 437-1877
E-Mail:           jquin@joneswalker.com

*Attorneys for Tidewater Marine, LLC*


## CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2019, the above and foregoing has been

electronically served on all counsel of record through this Court's CM/ECF system.

/s/ Jennifer David
JENNIFER A. DAVID