## AGREEMENT OF PURCHASE AND SALE
## RELATING TO MULTIPLE VESSELS

This Agreement is made and entered into as of this 12th day of March 2019, by and between TIDEWATER MARINE INTERNATIONAL, INC., as agent for the individual owners set forth in Exhibit "A" (hereinafter called "Seller") and EDAM GBERE NIGERIA LIMITED (hereinafter called "Purchaser").

**Section 1 - SALE.** Subject to the terms, covenants and conditions set forth herein, Purchaser hereby agrees to purchase, on an en bloc basis, the two (2) vessels listed in Exhibit "A" attached hereto and made a part hereof for all purposes (hereinafter called "Vessel" or "Vessels", as the case may be); and Seller, as agent for each of the other Vessels' registered owners specified in Exhibit "A", agrees to sell the Vessels to Purchaser on an en bloc basis.

**Section 2 - PURCHASE PRICE.** The Aggregate Price for the Vessels shall be the sum of One Million Two Hundred Thousand and 00/100 U.S. Dollars (USD $1,200,000.00), (hereinafter called the "Purchase Price"). Because the sale contemplated hereby is to be an en bloc transaction, if the sale of any of the Vessels falls through / fails to take place for any reason, Purchaser and shall still be obliged, subject to the other terms and conditions of this Agreement, to go through with the sale of the remaining Vessel(s) at the individual Allocated Purchase Price listed in Exhibit "A".

**Section 3 - PAYMENT OF EARNEST MONEY & PURCHASE PRICE.** Within five (5) of the execution of this Agreement, Purchaser shall deposit with Seller ten (10%) percent of the Purchase Price (hereinafter called the "Earnest Money"). At the time this sale is closed, Purchaser shall pay Seller the balance of the Purchase Price. Payments are to be made by wire transfer to: [REDACTED] benefit of TIDEWATER MARINE INTERNATIONAL, INC., who undertakes to distribute such funds to the registered owners specified in Exhibit "A" in accordance with the Allocated Purchase Prices set forth therein.

**Section 4 - INSPECTION & CLOSING.** The Purchaser acknowledges that it has already done an afloat inspection of each of the Vessels and that, except for the underwater portions of the Vessels (which Purchaser has not yet viewed), Purchaser is satisfied with the condition of the Vessels for all purposes. The Purchaser may, at its own cost, inspect the underwater (bottom) portions of the Vessel's hull to be inspected on dry-dock or by divers within twenty (20) days from the date hereof; and Agent will cooperate with Purchaser to make the Vessels available for such inspection. In the event that Purchaser's inspection of the underwater portions of the Vessels reveal damage or deterioration which materially affects the value of a particular Vessel and which could not previously have been ascertained on reasonable inspection of that Vessel while afloat, Purchaser may, within forty-eight (48) hours after that Vessel has been so inspected, cancel this Agreement with respect to that Vessel by written notice to Seller. Seller and Purchaser are, of course, free to agree on a new Purchase Price to take into account the damage and/or deterioration; but, in the event of cancellation, this Agreement shall become null and void with respect to the cancelled Vessel, and that portion of the Earnest Money relating to the cancelled Vessel, less any outstanding bottom inspection costs, shall be credited against the allocated sales prices for the remaining Vessels, as specified in Exhibit "A". Should no notice of

G:lg1 sale of vessels\lourdes tide-soyo tide\edam gbere_agrp&s en block subject to bottom inspection    Page 1
Rev. Nov 1, 2018

EXHIBIT A

cancellation be given to Seller within the forty-eight (48) hour-period following the last inspection undertaken in the inspection allowance period, Purchaser shall conclusively be obligated to pay the balance of the Purchase Price within twenty-five (25) days after such last inspection, or in case no inspection is ever undertaken by Purchaser within such dry dock allowance period, within forty-five (45) days after the date of this Agreement. Title to the Vessels and possession thereof shall not be transferred to Purchaser until the aforesaid Purchase Price shall have been paid to Agent in full. If Purchaser desires to have a formal face-to-face closing, such closing shall be held at Agent's offices in Lagos, Nigeria.

**Section 5 – TITLE AND DOCUMENTS.** Upon receipt of the full Purchase Price, the Vessels shall be considered sold, with title and risk of loss passing to Buyer at that time. Such title shall be clear of all liens, mortgages, taxes and encumbrances with the exception of title to the Vessel which is subject to mortgages, as indicated in Exhibit "A". In case any applicable mortgages have not been removed from the Vessel within fourteen (14) working days after the date of closing, Purchaser may terminate this Agreement and the Purchase Price shall be returned to the Purchaser by Owner within two (2) working days. Bills of Sale in suitable form, duly executed and notarized shall be issued to Buyer immediately after title passage along with Owner evidencing that the person signing the Bill of Sale has been duly authorized to do so. Purchaser plans to transfer the Vessels to Nigeria flag; and Seller, after securing the permission of the Vessels' flag state for Seller to sell the Vessels for transfer to the intended flag, shall deliver to Purchaser at the sale closing a letter from Seller undertaking to provide deletion certificates from the Vessels' flag state as soon as reasonably possible after the sale closing.

**Section 6 - LIQUIDATED DAMAGES.** Except as otherwise specifically provided herein, if Purchaser fails to pay the Purchase Price in accordance with Section 4 hereof for any reason whatsoever, this Agreement shall terminate; provided, however, that Seller shall retain the Earnest Money as liquidated damages.

**Section 7 - EXCLUSION OF WARRANTIES.** The sale contemplated hereby shall be on an "as is, where is" basis without any warranties or representations of any kind or nature whatsoever, whether express or implied, concerning the condition, seaworthiness, merchantability, or fitness for any purpose of the Vessels or their appurtenances. By acceptance of the delivery of the Vessels as herein provided, the Purchaser agrees to specifically waive all laws of redhibition and implied warranty provided by Louisiana (U.S.A.) law or the law of any country, province, state, or political subdivision thereof, including any and all warranties against vices or defects or fitness for any particular purpose or use whatsoever. The only warranty which Seller agrees to make is a warranty of title and a warranty that the Vessels are being sold free and clear of any and all liens or encumbrances.

**Section 8 - TAXES AND COMMISSIONS.** It is the belief of Purchaser and Seller that the sale contemplated hereby shall be exempt from Sales Tax by virtue of the fact that such sale is an "occasional or isolated sale" by Seller, who is merely disposing of used equipment previously utilized in its business. However, it is agreed that any taxes (except income taxes) assessed by the government of any country, territory, state or political subdivision thereof against Purchaser and/or Seller on account of or in connection with the sale shall be for Purchaser's account.

G:lg1 sale of vessels\lourdes tide-soyo tide\edam gbere_agrp&s en block subject to bottom inspection    Page 2
Rev. Nov 1, 2018

**EXHIBIT A**

There are not sales brokers involved in this vessels sales transaction. At the time of sale closing, Purchaser agrees to pay any separately-agreed sales commission(s) and/or fee(s) due to any sales broker(s) and/or agent(s) involved on Purchaser's behalf in connection with the sale transaction contemplated by this Agreement; and Purchaser agrees to protect, defend, indemnify, and hold harmless Seller from and against any and all claims, suits, and demands for sales commission(s) and/or fee(s) made by any broker(s) and/or sales agent(s) claiming to be involved in connection with the sale transaction contemplated by this Agreement.

**Section 9 - DESTRUCTION OF VESSEL PRIOR TO CLOSING.** In the event any of the Vessels are substantially damaged or destroyed prior to closing for any reason, other than due to the negligence of Purchaser, this Agreement shall immediately become null and void with respect to the damaged/destroyed Vessel(s), in which event the portion of the Earnest Money applicable to the allocated Purchase Price of the damaged/destroyed Vessel, less any outstanding bottom inspection costs relating to such Vessel or Vessels, shall be credited to the Allocated Purchase Price of the remaining Vessel(s), as specified in Exhibit "A". If this Agreement is so terminated with respect to all two (2) Vessels, the Earnest Money heretofore paid by Purchaser to Seller pursuant to this Agreement shall be promptly refunded by Seller to Purchaser, less any outstanding bottom inspection costs.

In the event of a partial loss of all of the Vessels for any reason, other than due to the negligence of Purchaser, either party hereto has the option to cancel this Agreement within forty-eight (48) hours of receiving notice of such partial loss, in which event the Earnest Money heretofore paid by Purchaser to Seller pursuant to this Agreement, less any outstanding bottom inspection costs relating to such Vessel(s), shall be promptly refunded by Seller to Purchaser. In the event of such partial damage or loss to all of the Vessels, instead of cancellation, the parties may simply renegotiate the Purchase Price to reflect such partial damage or loss. In the event of a partial loss to some of the Vessels, the sale of the unaffected Vessel(s) shall still close, but the sale of the partially damaged Vessel(s) shall be handled in accordance with the previous two (2) sentences; and, in the event of cancellation of this Agreement with the respect to the damaged/destroyed Vessel(s), the portion of the Earnest Money applicable to the Allocated Purchase Price of the partially damaged Vessel(s), less any outstanding bottom inspection costs relating to such Vessel or Vessels, shall be credited to the Allocated Purchase Price of the remaining Vessel(s).

**Section 10 - DELIVERY, SPARES & FUEL.** The Vessels shall be delivered to the Purchaser at Walvis Bay, Namibia, substantially in the same condition as they were at the time of Purchaser's inspection (see Section 4 above), together with their appurtenances and spares aboard at the time of Purchaser's inspection, if any. Spare parts, if any, stored ashore shall be excluded from the sale contemplated hereby. If any useable fuel and/or lubricants remain on board at the time of delivery, the amount thereof shall be determined in a mutually satisfactory manner; and Purchaser shall separately purchase such fuel and/or lubricants from Seller at prices current on the date of delivery at the port or place of delivery.

**Section 11 – REMOVAL OF INSIGNIA & CHANGE OF NAME.** Within sixty (60) days after the sale closing, Purchaser shall change the Vessels' name and paint/color scheme which is proprietary to Seller, and also shall remove the Seller's anchor "T" trademarks/logos from the

G:lg1 sale of vessels\lourdes tide-soyo tide\edam gbere_agrp&s en block subject to bottom inspection   Page 3
Rev. Nov 1, 2018

EXHIBIT A

Vessels.

**Section 12 – SELLER'S REPRESENTATIONS.** Seller hereby represents and warrants to Purchaser that the Vessels will be sold with a full warranty of title, free and clear of all liens (except Seller's lien for the balance of the Purchase Price), mortgages, taxes, and/or encumbrances, excluding any applicable mortgage(s) on the Vessel as indicated in Exhibit "A" which will be removed within fourteen (14) days after the date of closing; and Seller shall defend Purchaser from and against any adverse claims to Seller's title to the Vessels.

**Section 13 - PURCHASER'S REPRESENTATIONS.** The Purchaser warrants and represents to Seller that for a period of three (3) years from the date hereof Purchaser will not use the Vessels in the offshore oilfield marine service business in competition with Seller or with Seller's parent, subsidiary, affiliated, joint venture or related companies anywhere in the world. Purchaser further warrants and represents that it will similarly bind all subsequent purchasers and charterers during the period established in the previous sentence and that it will require, by written contract, all such subsequent purchasers and charterers, during that period, to pass this non-competition restriction on to their purchasers and charterers, of any tier. Purchaser further represents and warrants to Seller that Purchaser has not been induced to enter into this Agreement by any prior oral or written representations (whether innocently or negligently made) regarding the condition, specifications or capabilities of the Vessel.

**Section 14 - ASSIGNMENT.** Purchaser may, with the consent of Seller, which shall not be unreasonably refused, assign this Agreement in whole or in part.

**Section 15 - GOVERNING LAW.** This Agreement shall be construed in accordance with the laws of the State of Louisiana, U.S.A.

**Section 16 - ENTIRE AGREEMENT.** This Agreement constitutes the entire agreement between the parties and supersedes all prior agreements and understandings with respect to the matters contained in it.

**SECTION 17 - NOTICES.** All notices or communications required or permitted under this Agreement shall be deemed to have been duly given if: (1) Delivered by hand, courier or mail; or (2) sent by email to the following address:

A.  If to Owner, to:
Tidewater Marine International, Inc.
c/o 6002 Rogerdale Rd., Suite 600
Houston, TX 77072-1655 - U.S.A.
Attn: Austin Howell
Email: ahowell@tdw.com

With a cc to:
Mark Handin
Email: mhandin@tdw.com

Attn: Bob Instone
Email: binstone@tdw.com

Attn: Arthur McGimsey
Email: amcgimsey@tdw.com

G:lg1 sale of vessels\lourdes tide-soyo tide\edam gbere_agrp&s en block subject to bottom inspection    Page 4
Rev. Nov 1, 2018

EXHIBIT A

## Exhibit "A"

to that certain Agreement of Purchase and Sale Relating to Multiple Vessels dated 12th March 2019, between TIDEWATER MARINE INTERNATIONAL, INC., as agent on behalf of the below-indicated registered owners, ("Seller") and EDAM GBERE NIGERIA LIMITED ("Purchaser").

| Vessel Name | IMO Number | Registered Owner | Allocated Purchase Price (USD $) |
|---|---|---|---|
| LOURDES TIDE (*) | 9269881 | POINT MARINE, L.L.C. | $450,000.00 |
| SOYO TIDE | 9371634 | SONATIDE MARINE, LTD. | $750,000.00 |
| **TOTAL PURCHASE PRICE USD $1,200,000.00** | | | |

(*) Mortgaged

G:lg1 sale of vessels\lourdes tide-soyo tide\edam gbere_agrp&s en block subject to bottom inspection    Page 6
Rev. Nov 1, 2018

EXHIBIT A

Attn: Maria Samuel
Email: maria.samuel@sonatide.co.ao

B. **If to Purchaser, to:**
EDAM GBERE NIGERIA LIMITED
Onne Road
Onne, Rivers State - Nigeria
Attn: Mr. Donald John-Miller
Email: millerdonald2007@yahoo.com

**Section 18 - SUSPENSIVE CONDITIONS.** Notwithstanding anything to the contrary contained in this Agreement or in any prior discussions or negotiations (including prior drafts hereof) involving the sale of the Vessels, this Agreement shall have no force and effect until it has been signed by both parties and the Earnest Money has been received by the Seller. In the event the Earnest Money is not received by Seller within five (5) banking days of both parties having signed this Agreement, this Agreement shall, unless otherwise agreed by the parties in writing, become void *ab initio*.

WITNESSES:

|  |  |
|---|---|
| [signature] Cheryl Porter | TIDEWATER MARINE INTERNATIONAL, INC. as agent for Point Marine, L.L.C. (owner of M/V LOURDES TIDE, and SONATIDE MARINE, LTD. Owner of M/V SOYO TIDE) (Seller) <br><br> By: [signature] <br> Name: MARK HANDIN <br> Title: SENIOR VICE PRESIDENT |
| [signature] Lewis John-Miller | (Purchaser) <br><br> By: [signature] <br> Name: Donald B. John-Miller <br> Title: MD/CEO |

G:lg1 sale of vessels\lourdes tide-soyo tide\edam gbere_agrp&s en block subject to bottom inspection      Page 5
Rev. Nov 1, 2018

EXHIBIT A